ATTORNEY FOR APPELLANT
Brian A. Karle
Ball Eggleston, PC
Lafayette, Indiana

ATTORNEYS FOR APPELLEE
Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

FILED
Jan 17 2018, 2:59 pm
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

No. 18S-CR-26

JESSICA MCCAIN,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Tippecanoe Superior Court, No. 79D01-1606-F1-8
The Honorable Randy J. Williams, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 79A02-1703-CR-616

**January 17, 2018**

**Per Curiam.**

Jessica McCain, then twenty-three years old, placed her mouth on her one-year-old son's penis while bathing him. The incident occurred after McCain had oral sex with her boyfriend. He left the apartment and sent her text messages that were sexual in nature. At her boyfriend's urging, McCain recorded the incident with her son on a borrowed cell phone with the intent of sending the video to the boyfriend.

McCain pleaded guilty to Level 1 felony child molesting, for which the sentence is a fixed term between twenty and fifty years, with an advisory term of thirty years. *See* Ind. Code § 35-50-2-4. The trial court identified as mitigating factors McCain's guilty plea, lack of criminal history, and history of employment. The court identified as aggravating factors McCain's position of care, custody, and control of the victim, the victim's age, and McCain's intent at the time of the offense. The court found the aggravators outweigh the mitigators and imposed a forty-year sentence with thirty-eight years executed and two years suspended to probation.

McCain appealed her sentence. The Court of Appeals reduced McCain's sentence to thirty years, finding the forty-year sentence inappropriate under Indiana Appellate Rule 7(B). McCain v. State, No. 79A02-1703-CR-616, 2017 WL 4079491 (Ind. Ct. App. Sept. 15, 2017). The State seeks transfer.

The Indiana Constitution authorizes independent appellate review and revision of a trial court's sentencing decision. Ind. Const. art. 7, §§ 4, 6; Serino v. State, 798 N.E.2d 852, 856 (Ind. 2003). This authority is implemented through Appellate Rule 7(B), which permits an appellate court to revise a sentence if, after due consideration of the trial court's decision, the sentence is found to be inappropriate in light of the nature of the offense and the character of the offender. Serino, 798 N.E.2d at 856. The principal role of such review is to attempt to leaven the outliers. Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008).

Our judgment is that the sentence imposed by the trial court in this case is not inappropriate under Appellate Rule 7(B) and does not warrant appellate revision. Accordingly, we grant transfer, *see* Ind. Appellate Rule 58(A), and affirm the sentence imposed by the trial court.

Rush, C.J., and David, Massa, and Goff, JJ., concur.
Slaughter, J., votes to deny transfer.